**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| JAMES M., | Case No. 1:22-cv-11713 |
| *Plaintiff*, | |
| v. | Thomas L. Ludington<br>United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant*. | |

_____/

**REPORT AND RECOMMENDATION TO GRANT**
**MOTION FOR ATTORNEY FEES (ECF No. 23)**

**I.  RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's unopposed motion for an award of attorney fees under 42 U.S.C. § 406(b) (ECF No. 23) be **GRANTED**.

**II.  REPORT**

    **A.  Introduction and Background**

Petitioner has represented the social security claimant in the underlying matter since December 14, 2020. (ECF No. 23). The claimant executed a fee agreement when retaining Petitioner providing that if the claimant's case ever went to federal court, then Petitioner could "apply for fees in such a manner as to maximize the fee paid to [Petitioner], even though it may eliminate or decrease a fee refund under the

1

Equal Access to Justice Act (EAJA) to which [the claimant] might have been otherwise entitled." (ECF No. 23-4).

On December 14, 2020, the claimant applied for Disability Insurance Benefits ("DIB"), and his application was denied at the administrative level. (ECF No. 20, PageID.3063–3064). The Appeals Council later denied review of the denial of benefits. (*Id.* at PageID.3064). On July 26, 2022, Petitioner appealed the denial in this Court. (ECF No. 1).

That appeal was successful. On February 13, 2023, the undersigned recommended granting the claimant's motion for summary judgment and remanding the case under sentence four of Section 405(g). (ECF No. 20). This recommendation was adopted by the district court on March 10, 2023, and the case was thereby remanded to the administrative level. (ECF No. 21, 22).

On February 15, 2024, an administrative law judge ("ALJ") held a supplemental hearing. (ECF No. 23, PageID.3109). Two weeks later, on March 1, 2024, the ALJ approved the claimant's application for DIB. (*Id.*). On July 1, 2024, the claimant was awarded benefits dating back to December 2019, which totaled $84,650. (*Id.* (citing ECF No. 23-2)). The Social Security Administration has withheld 25% ($21,162.50) of the claimant's past-due benefits for the payment of attorney fees. (*Id.* at PageID.3109–3110 (citing ECF No. 23-2)).

Petitioner now moves for an award of $8,000 in attorney fees for work performed in this Court. (ECF No. 23, PageID.3110). He also has petitioned or plans to petition the ALJ for an award of $12,000 in attorney fees for work performed at the administrative level. (*Id.*). In total, Petitioner seeks $20,000 in attorney fees, which is $1,162.50 less than 25% of the claimant's past-due benefits. (*Id.*). The Commissioner of Social Security takes no position on this motion. (ECF No. 26).

### B.     Legal Standards

"The prescriptions set out in [42 U.S.C.] §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(a) addresses payment for representation in administrative proceedings before the Commissioner, whereas § 406(b) deals with payment for representation in court.

Under § 406(a)(A), where a claimant is entitled to past-due benefits, a fee may be paid to the claimant's representative for services rendered at the administrative level. If the representative worked for a contingency, then that fee may not exceed the lesser of 25% of the amount of past-due benefits or $6,000. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II); Maximum Dollar Amount in the Fee Agreement Process, 74 Fed. Reg. 6080–02 (Feb. 4, 2009); *see Gisbrecht*, 535 U.S. at 794–95. Although contingency fees at the administrative level are generally capped at $6,000, a

claimant's representative may petition the ALJ to award fees in excess of the $6,000 cap. 42 U.S.C. § 406(a)(3).

Under § 406(b), where a claimant is "represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). However, that award must not exceed "25 percent of the total of the past-due benefits." *Id.* Notably, unlike awards for work performed at the trial level, awards for work before the district court are not capped at $6,000. *See id.*

Although fees awarded under § 406(a) and § 406(b) are both capped at 25% of past-due benefits, both awards to be considered separately; an attorney's *aggregate* fees are not capped at 25%. *Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019). Put another way, an attorney may receive up to 25% of past-due benefits for his or her work at the administrative level *and* he or she may also receive up to 25% for work in the judiciary. *Id.* Thus, attorneys "may receive total fees exceeding twenty-five percent of the claimant's benefits award." *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016).

To award attorney fees under § 406(b), a district court must decide if the request is reasonable. *See Gisbrecht*, 535 U.S. at 809. The Sixth Circuit has favorably viewed courts utilizing the following factors: the effective hourly rate, whether counsel delayed in filing the § 406(b) motion, and the complexity of the

4

representation. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309–10 (6th Cir. 2014). Moreover, "[t]here is a rebuttable presumption that a contingent fee equal to 25% of past due benefits is reasonable, if agreed upon between the claimant and the attorney." *Thompson v. Comm'r of Soc. Sec.*, No. 20-12463, 2022 WL 19333290, at *1 (E.D. Mich. Aug. 25, 2022) (citing *Rodriquez v. Bowen*, 865 F2d 739, 746–47 (6th Cir. 1989)).

### C. Analysis

As noted above, Petitioner requests an award of $8,000 in attorney fees. (ECF No. 23, PageID.3110). He also intends to pursue an award of an additional $12,000 in attorney fees from the ALJ. (*Id.*). In total, Petitioner is seeking $20,000 in attorney fees, which is $1,162.50 less than 25% of the claimant's past-due benefits. (*Id.*).

Through Petitioner's representation both in this Court and at the administrative level, the claimant has received past-due benefits dating back to December 2019, in addition to continuing monthly benefits. (*Id.* at PageID.3109 (citing ECF No. 23-2)). Petitioner has submitted an itemization of services detailing each task performed and the time spent on each task in quarter-of-the-hour increments. (ECF No. 23-3). In sum, he spent thirty-three hours working on the case while it was before this Court and is requesting to be awarded fees amounting to an hourly rate of $242.42 per hour. (*Id.* at PageID.3126).

5

Overall, the Court finds Petitioner's request for $8,000 in attorney fees reasonable. It falls far below the 25% limit (here $21,162.50) on fees permitted for work performed in federal court and is thus presumptively reasonable given the executed fee agreement between Petitioner and the claimant. *See Thompson*, 2022 WL 19333290, at *1. Furthermore, Petitioner has carefully accounted for all time spent working on the case, provided detailed entries for each increment of time, and his effective hourly rate is relatively low. *See id.* ("A 2020 Economics of Law Practice Survey from the State Bar of Michigan submitted by petitioner indicates that the median hourly rate for related fields of administrative law, including civil litigation, workers' compensation, and other public benefits, was $296.00/hour in 2020, which would translate to $338.89 per hour in 2022 according to inflation calculations also submitted by petitioner."). Finally, the Commissioner does not oppose the motion. (ECF No. 26). Thus, Petitioner should be awarded the requested $8,000 in attorney fees.

### D.  Conclusion

For these reasons, **IT IS RECOMMENDED** that Petitioner's unopposed motion for an award of $8,000 in attorney fees under 42 U.S.C. § 406(b) (ECF No. 23) be **GRANTED**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 28, 2024                               S/PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge